IN THE MATTER OF THE PETITION OF VIOLET
LINCOLN KAELEMAKULE FOR A WRIT OF
HABEAS CORPUS ON BEHALF OF JOHN KA-
ELEMAKULE.

No. 2101.

SUBMITTED MAY 20, 1933.    DECIDED JUNE 9, 1933.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE GODBOLD
IN PLACE OF PARSONS, J., UNABLE TO ATTEND
ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY PERRY, C. J.

This is a petition for a writ of *habeas corpus*. It is
brought by the mother on behalf of her son three years of
age. The allegation is that the child is being unlawfully
detained by the respondents, John L. Solomon and Mary
A. K. Solomon, who are cousins or second cousins of
the child. The parties having been fully heard, the trial
judge decreed that the respondents surrender the custody
of the child to the petitioner, adding, however, that "this
decree is without prejudice to any matter, case or proceed-

ing now pending or which may be hereafter brought in or before any other court, tribunal, board or commission." The respondents bring the case to this court by writ of error.

The case has been submitted on the briefs, without oral argument. The only contentions advanced in the brief in support of the appeal are, first, that the trial judge was without power to enter a decree relating to the custody of the child "for the reason that the said child was legally in the custody of a governmental power, to-wit, the board of health, and the child was merely residing with the respondents permissively, and subject to such legal custody," and second, that the trial judge was similarly without power "for the reason that the sole question involved in the proceedings for *habeas corpus* was the right of the petitioner to have the custody of the child * * * and that question was then, and at all times thereafter, pending before another court of competent jurisdiction."

The father of the child contracted leprosy. The mother and the child are nonleprous. By Act 214, L. 1931, it is provided that "all nonleprous children born to parents one or both of whom are leprous are hereby declared wards of the Territory of Hawaii and placed in the care, custody and control of the board of health during minority" and that "the board shall permit any child born to parents, only one of whom is leprous, to reside with its nonleprous parent, provided such parent is capable of caring for, educating and maintaining such child; provided, further, that the board may allow any nonleprous child to reside with such suitable family or person, as may be for the best interest of any such minor and the public welfare." It is entirely clear from the evidence adduced and from the other proceedings had in the court below that the board of health has not at any time given con-

sideration to any question relating to the custody of the child named in the case at bar, that it has made no determination or order in the matter and that it has not in any way undertaken to exercise the jurisdiction and powers, whatever they may be, which are conferred upon it by the statute. Under these circumstances of lack of action by the board, the statute presents no impediment to a consideration or determination by the circuit judge, at chambers, of the respective rights of the mother on the one hand and of the more distantly related respondents on the other hand to the custody of the child. "The mere fact that another court" (or administrative board) "might have jurisdiction does not, where such jurisdiction has not been invoked, warrant a court having concurrent jurisdiction in a refusal to entertain an action or proceeding." 15 C. J. 1139.

At the time of the institution of the case at bar there was pending before another circuit judge, in the court of domestic relations, a divorce proceeding instituted by the father of the child against the mother and in that proceeding the question was raised, but not determined, as to whether the custody of the child should be awarded to the father or to the mother. The fact of the pendency of this divorce proceeding is not a bar to the *habeas corpus* case. There the question to be litigated is between the father and the mother, as to their respective rights to the custody. The father and the mother are the sole parties to the suit. The present respondents are not parties to that suit and will not be bound by such decision as the divorce court may render. In the case at bar the proceeding is, technically, instituted by the child to free itself from the alleged unlawful detention at the hands of the respondents. In a broader sense, perhaps, the contest is between the mother on the one hand and the cousins on the other. In any event the father is not a

party to the present proceeding and will not be bound by its results. It is true that when "two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction * * * retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action." 15 C. J. 1134, 1135. It is, however, equally clear that "in order that the rule may be applicable, the action should be between the same parties * * * and should relate to the same question." *Ib.* 1138. In the two cases under consideration the parties are not the same and the issue likewise is not the same. In the earlier case it is whether the custody is to be awarded to the father or to the mother and in the second it is whether the mother's right is superior to that of the remote relatives, the respondents. Under these circumstances the pendency of the divorce suit does not bar the petition for a writ of *habeas corpus.*

There can be no doubt that, as held by the court below, the right of the mother is superior to that of the more remotely related respondents. § 3033, R. L. 1925, as amended by Act 77, L. 1931.

The decree appealed from is affirmed.

*O. P. Soares* for plaintiffs in error.

*W. Y. Char* for defendant in error.